UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARCOS MATUTE MUNGUIA, ANIBAL FUNES MONTEROSA, ANGEL PENA RODRIGUEZ, YHOAN CARMONA GERMAN, SAID JOACHIN ZAMBRANO, and LUIS RAMIREZ HERNANDEZ, Petitioners, v. PATRICIA HYDE et al., Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 25-13104-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 4, 2025

SOROKIN, J.

Before the Court is a petition seeking writs of habeas corpus under 28 U.S.C. § 2241 filed on behalf of eight noncitizens presently in immigration detention. Doc. No. 1. This Order addresses the claims brought by six of the petitioners, as to whom the parties generally agree that the dispositive legal issue is controlled by prior decisions of this Court. See Doc. No. 8 at 1–3. As to the six petitioners named above, the petition is ALLOWED to the extent, and for the reasons, explained below.[1]

---

[1] The respondents have objected to the filing of a joint petition, urging the Court to dismiss the petition and require the filing of eight individual habeas actions. Doc. No. 8 at 6–9. The Court will address the joinder question further when it resolves the two severed petitioners' claims after those petitioners have responded to this objection. See Doc. No. 9. As to the six petitioners who are the subject of this Order, the Court finds no reason to await further briefing on this procedural issue. Even if separate petitions were required, the respondents acknowledge that these six petitioners' claims turn on the same question—and that this question is governed by

Marcos Matute Munguia, a citizen of Honduras, entered the United States without inspection in 2018.  Doc. No. 1 ¶¶ 7, 20.  He was stopped by border patrol but was conditionally released.  Id. ¶ 20.  Recently, agents with Immigration and Customs Enforcement ("ICE") arrested him while he was going to work and placed him in removal proceedings.  Id. ¶ 21.

Anibal Funez Monterosa, a citizen of El Salvador, entered the United States without inspection in 2008, and without encountering immigration authorities.  Id. ¶¶ 8, 22.  ICE agents arrested him recently while he was traveling home from a grocery store.  Id. ¶ 22.  He is the subject of removal proceedings pending in immigration court.  Id.

Angel Pena Rodriguez and Yhoan Carmona German, citizens of the Dominican Republic, entered the United States without inspection, and without encountering border patrol, in 2021 and 2023, respectively.  Id. ¶¶ 9–10, 24, 26.  They were each arrested recently by ICE agents in Providence, Rhode Island, and placed in removal proceedings before a Massachusetts immigration court.  Id. ¶¶ 25, 27.

Said Joachin Zambrano and Luis Ramirez Hernandez, citizens of Mexico, entered the United States without inspection, and without encountering border patrol, in 2022 and 2018, respectively.  Id. ¶¶ 12–13, 30, 32.  Recently, ICE agents arrested them both on their way to work and placed them in removal proceedings.  Id. ¶¶ 31, 33.

---

reasoning the Court already has explained in other cases pursuant to which these petitioners are entitled to relief.  This concession would supply a basis to consolidate the separate petitions of these six individuals under Federal Rule of Civil Procedure 42(a), even if it might not justify joinder under Rule 20(a)(1).  Moreover, serious liberty interests of these petitioners are at stake, and the Court finds that their continued detention without access to a bond proceeding is unlawful.  These circumstances justify resolving the claims of these petitioners together, now.  Cf. Order, Diaz Dimas v. Hyde, No. 25-cv-12665-LTS (D. Mass. Oct. 6, 2025), ECF No. 14 (allowing joint petition and ordering bond hearings as to two unrelated petitioners without objection from government).

None of these men have criminal records or pending criminal charges. Id. ¶¶ 20, 22, 24, 26, 30, 32. All are detained at Plymouth County Correctional Facility. Id. ¶¶ 21, 23, 25, 27, 31, 33.

On October 23, 2025, these petitioners and two other men, all of whom are represented by the same lawyers, instituted this action by filing a joint habeas petition. Doc. No. 1. On its face, the petition raised claims similar to those the Court has evaluated in other recent cases. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. The respondents made a pair of submissions on October 30, 2025. One was a motion seeking to sever the two petitioners not described above based on differences in their immigration statuses that the respondents suggest impact the legal analysis of their claims. See Doc. No. 7. The petitioners assented to that motion, and the Court has allowed it. Doc. No. 9. The claims of the two severed petitioners will be the subject of further briefing, and the Court will resolve their claims separately upon completion of that briefing.

In the respondents' other submission, they answered the petition as to the six individuals described above. After objecting to the joint presentation of habeas claims, see note 1, supra, they presented only an abbreviated response to the merits of these petitioners' claims, Doc. No. 8 at 2–3, 9–11. The respondents represent that "many of the relevant legal issues" raised as to these petitioners "are similar to (but not the same as) the legal issues" this Court resolved in Garcia and Encarnacion, and they "presume" that the Court would reach the same result here "should it apply the [same] reasoning."[2] Id. at 2, 11 (citation modified). Though they disagree

---

[2] The respondents do not specify how the issues presented by any of the six petitioners at issue here are "not the same as" those the Court has addressed previously, nor do they support their memorandum with a declaration or other evidence detailing any of the petitioners' immigration

3

with the Court's analysis of the relevant detention statutes, they incorporate their earlier briefing and suggest that no further argument is necessary on the merits before the Court renders a decision. Id. at 3, 11.

The Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes that the six petitioners at issue here are not subject to mandatory detention under 8 U.S.C. § 1225(b). See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).[3] Each of these petitioners is therefore entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition as to the six petitioners described herein and ORDERS as follows: 1) the respondents shall release Matute Munguia unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order; 2) the respondents shall release Funes Monterosa unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order; 3) the respondents shall release Pena Rodriguez unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order; 4) the respondents shall release Carmona German unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order; 5) the respondents shall release Joachin

---

histories or other characteristics such that the Court can discern any differences for itself. Thus, to the extent the respondents believe any of these petitioners present materially different facts, they have waived the opportunity to develop the record or present argument addressing such facts. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation modified)).

[3] As far as the undersigned is aware, at least a dozen judges sitting in this courthouse have now rendered decisions rejecting the respondents' position in similar circumstances. The respondents cite no case in which any judge in the District of Massachusetts has analyzed the relevant statutes and endorsed the respondents' view.

Zambrano unless he is provided a bond hearing under 8 U.S.C. § 1226(a) <u>within seven days of this Order</u>; 6) the respondents shall release Ramirez Hernandez unless he is provided a bond hearing under 8 U.S.C. § 1226(a) <u>within seven days of this Order</u>; and 7) the respondents shall not retaliate against any of these six petitioners in the context of the bond hearings or otherwise for filing this habeas petition.[4]  The claims of the remaining two petitioners remain under advisement.

                SO ORDERED.

                 /s/ Leo T. Sorokin
                United States District Judge

---

[4] At each hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19, 42 (1st Cir. 2021).